CATHERINE HART *vs.* EDMUND BUFFINTON.

Bristol.    October 23, 1889. — November 11, 1889.

Present: DEVENS, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Married Woman — Recording Business Certificate — Evidence.*

The certificate of a married woman doing business on her separate account is duly recorded in a town clerk's office in a book "kept for the purpose," within the meaning of the Pub. Sts. c. 147, § 12, although such book is also used for the registration of other instruments properly of record in that office.

REPLEVIN of a horse and harness. At the trial in the Superior Court, before *Bishop,* J., it appeared that the defendant, a deputy sheriff, attached the horse and harness in an action of contract brought against the husband of the plaintiff by a judgment creditor of the husband, but not of the plaintiff; that at the time of such attachment the plaintiff was carrying on the business of farming and of selling milk, on her sole and separate account, in the town of Somerset; and that the horse and harness were used in that business, and were owned by her. The plaintiff offered in evidence a certificate signed by her, stating that she was engaged in that business. This certificate she sent for record to the town clerk's office in Somerset, and afterwards received it back from that office bearing this indorsement, signed

by the clerk: "Town Clerk's Office, Somerset, July 1st, 1886. Received and recorded in 4th Book of Records of Mortgages, etc., page 486, at seven o'clock P. M." The defendant objected to the admission of this certificate, on the ground, among others, that it did not appear by the indorsement that the certificate had been recorded in the town clerk's office at Somerset in a book kept for that purpose, as required by the Pub. Sts. c. 147, § 12. The judge overruled the objection, and admitted the certificate and the indorsement thereon.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*J. W. Cummings,* for the defendant.

*M. Reed,* for the plaintiff.

BY THE COURT. The only point relied on by the defendant in argument was, that it did not appear that the certificate of Catherine Hart, that she was doing business on her sole and separate account, had been recorded in a book "kept for the purpose" in the town clerk's office in Somerset, as required by the Pub. Sts. c. 147, § 12. The town clerk's certificate shows that it was "received and recorded in 4th Book of Records of Mortgages, etc., page 486, at seven o'clock P. M." The contention is, that the words "of records of mortgages, etc.," show that the record was made in a book kept for other and distinct purposes, as well as for that of recording similar certificates. Admitting this inference to be correct, we are not of opinion that the statute, in requiring certificates like that of the plaintiff to be recorded "in books kept for the purpose," is to be construed as if the words "solely, exclusively," or similar words had been added thereto. The publicity sought was attained by requiring such certificates to be recorded in the books of the town, and a book could properly be said to be kept for this purpose even if it was also used for the recording of other instruments of the existence of which it was essential that public notice should be given. The presiding judge, therefore, properly admitted in evidence the certificate, with the town clerk's indorsement thereon.

*Exceptions overruled.*